UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICHARD JACKSON,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER SCOTT ROTHMANN,

                              Defendants.

**ECF CASE**

**COMPLAINT**

08 CV 7224 (SHS)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and an individual employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on December 19, 2007, he was subjected to false arrest, fabricated evidence and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff further alleges that, on or about December 22, 2007, DOC officers, pursuant to a policy, practice and custom of the City of New York, illegally strip searched him in a nonprivate manner in violation of the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in this District. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts at issue in this lawsuit took place in this District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Scott Rothmann is a member of the NYPD who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest. Rothmann was acting under of color state law and in his capacity as a NYPD officer at all relevant times. Rothmann is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from the unlawful conduct of his fellow officers. Rothmann is sued in his individual capacity.

## STATEMENT OF FACTS

7. On December 19, 2007, plaintiff was in the Harlem section of Manhattan in order to, among other things, apply for public assistance benefits

8. After completing his business, plaintiff decided to visit a friend, Wayne Showers, who suffers from a serious illness.

9. Plaintiff walked to Flowers' apartment, which is located at 107 West 122nd Street.

10. Plaintiff knocked on the door to the apartment, which is located in the basement of a brownstone, and was let inside.

11. Plaintiff was in the living room of the apartment.

12. At no time while in the apartment did plaintiff enter any room other than the living room.

13. Minutes after plaintiff arrived in the apartment, officers in the NYPD's Emergency Services Unit ("ESU") broke down the door and seized and handcuffed all of the occupants of the apartment, including plaintiff.

14. After ESU completed its job, regular police officers entered the apartment for the purpose of placing everyone under arrest.

15. Police Officer Scott Rothmann, acting in concert with other officers, arrested plaintiff and the other occupants of the apartment.

16. After being placed under arrest, plaintiff and the other occupants of the apartment were placed in a van.

17. The police officers took plaintiff to the 28th Precinct for arrest processing.

18. Upon arriving at the 28th Precinct, plaintiff was placed in a filthy cell and confined for several hours without being offered food or water.

19. While plaintiff was confined in the 28th Precinct, Officer Rothmann prepared police reports which falsely stated that he discovered plaintiff and the other occupants of the apartment in Dwayne Showers' bedroom along with crack cocaine residue and one glassine of heroin.

20. At no point was plaintiff in Showers' bedroom nor did plaintiff have any knowledge that illegal contraband was hidden in the bedroom.

21. On December 20, 2007, officers took plaintiff to Manhattan Central Booking.

22. While plaintiff was confined in Central Booking, Officer Rothmann met with an Assistant District Attorney and misrepresented to her that he had discovered plaintiff and the other occupants of the apartment in Dwayne Showers' bedroom along with crack cocaine residue and one glassine of heroin.

23. As a result of Rothmann's misrepresentation, a false charge of Criminal Possession of a Controlled Substance in the Seventh Degree, N.Y. Penal Law § 220.03, was filed against plaintiff and the other occupants of the apartment

24. On December 22, 2007, plaintiff was arraigned in Manhattan Criminal Court.

25. The presiding judge set bail.

26. Plaintiff was unable to post bail and was therefore taken to the Manhattan House of Detention.

27. During the admission process, DOC officers, pursuant to a policy, practice and custom of the City of New York, illegally strip searched plaintiff in front of several other detainees.

28. Correction Officers ordered the nude plaintiff to bend over, lift his testicles, squat, spread his buttocks, and cough.

29. Plaintiff was released from the Manhattan House of Detention approximately five days after his arraignment.

30. Plaintiff was required to appear in court several times after his arraignment.

31. On July 18, 2008, the criminal charge filed against plaintiff was dismissed.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, and a loss of liberty of seven days.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICER SCOTT ROTHMANN

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. The conduct of Police Officer Scott Rothmann, as described herein, amounted to false arrest, fabrication of evidence and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 as if fully set forth herein.

36. The City of New York directly caused the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that Officer Scott Rothmann and the DOC officers who illegally strip searched plaintiff in the Manhattan House of Detention are unfit, poorly-trained police officers who frequently commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

38. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees, costs and interest;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   August 14, 2008
         Brooklyn, New York

                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391

                              By:

                              s/
                              _____
                              RICHARD J. CARDINALE